

E.D.N.Y.—Bklyn.
09-cv-5257
Korman, J.

United States Court of Appeals
FOR THE
SECOND CIRCUIT

---

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand sixteen.

Present:
      Dennis Jacobs,
      Guido Calabresi,
      Reena Raggi,
           *Circuit Judges*.

---

Luis Angel Ramos,

           *Petitioner*,

    v.                                                    16-1285

United States of America,

           *Respondent*.

---

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion. Upon due consideration, it is hereby ORDERED that the motion is DENIED because Petitioner has not satisfied the criteria set forth in 28 U.S.C. § 2255(h).

Petitioner has not made a prima facie showing that he can satisfy the successive motion requirements with respect to his proposed claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the imposition of an enhanced sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates the Due Process Clause). Under this Court's case law, Petitioner's conviction for conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951 satisfied the definition of "crime of violence" because it required "the use, attempted use, or threatened use of physical force" under 18 U.S.C. § 924(c)(3)(A). *See United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991) (holding that a conviction for conspiracy to commit Hobbs Act robbery was a crime of violence within the meaning of the Bail Reform Act, 18 U.S.C. § 3143(b)(2), because "one of its elements is actual or threatened use of force"; further stating that, "if the element of violence is not present, no [robbery] conviction under section 1951 can occur").

MANDATE ISSUED ON 08/16/2016

Accordingly, even assuming, *arguendo*, that *Johnson* invalidated § 924(c)(3)(B), that decision does not impact Petitioner's firearms conviction.

Finally, because Petitioner's other two convictions are for crimes under statutes that do not have provisions similar to the ACCA's residual clause, *Johnson* does not affect their validity.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2